**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ERIC G. FORD,<br><br>  Plaintiffs,<br><br>v.<br><br>ALFRED FEDERICO, et al.,<br><br>  Defendants. | Civil Action No. 13-2221 (MAS)<br><br>OPINION |

**APPEARANCES:**

  ERIC G. FORD, #52665
  Mercer County Correctional Center
  P.O. Box 8060
  Trenton, NJ  08650

**SHIPP, District Judge**:

Eric G. Ford, a pretrial detainee confined at Mercer County Corrections Center, seeks to file a Complaint asserting violation of rights under 42 U.S.C. § 1983 without prepayment of the filing fee. This Court will grant Plaintiff's application to proceed *in forma pauperis*. Having screened the Complaint for dismissal, in accordance with the requirements of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, this Court will dismiss the Complaint.

## I. BACKGROUND

Eric G. Ford brings this Complaint for violation of his constitutional rights under 42 U.S.C. § 1983 against Alfred Federico, Criminal Division Manager at the New Jersey Superior Court, Mercer County, and Janet VanFossen, Assistant Division Manager. (ECF 1.) Ford asserts that he has been incarcerated at MCCC since January 22, 2013. He alleges that on

February 28, 2013, he handed to jail officials for mailing to the Criminal Division Management Office a cover letter, notice of motion for a probable cause hearing in *State v. Ford*, Complaint No. 1111-W-2013-000073, supporting certification, letter brief, proof of service, and proposed order. In the cover letter, he asked defendant Federico to file the motion for a probable cause hearing. (ECF No. 1-3.) He alleges that by letter dated March 7, 2013, Janet VanFossen informed him that she "forwarded your documents to Jeffrey Broderick, Office of the Public Defender, who represents you" and advised Ford to contact Broderick. (ECF No. 1-4.)

Ford asserts that on March 12, 2013, he submitted a second pro se motion for a probable cause hearing to VanFossen with another cover letter stating that he is representing himself on the motion for a probable cause hearing and requesting that the motion be filed rather than forwarded to the Public Defender. (ECF No. 1-5.) By letter dated March 26, 2013, VanFossen informed Ford that she had received the motion for probable cause hearing and she had again forwarded it to the Public Defender. (ECF No. 1-6.) Ford asserts that on March 20, 2013, the institutional counselor informed him that the pro se motion for a probable cause hearing had not been filed.

Ford asserts that by refusing to file his motion for a probable cause hearing, defendants violated his First Amendment right to petition the government for redress of grievances and his Fourteenth Amendment rights to due process and equal protection of the law. He seeks the following relief: declaratory judgment, compensatory and punitive damages, and an injunction "requiring the defendants [to] file[] and docket any motions plaintiff submit[s] to the courts." (ECF No. 1 at 5.)

## II.   STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a District Court to screen a complaint in a civil action in which a plaintiff is proceeding *in forma pauperis* or a prisoner is seeking redress against a government employee or entity, and to *sua sponte* dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.   See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.

To survive dismissal "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).   The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully.   Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief," and will be dismissed.   Id. at 678 (citations and internal quotation marks omitted); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009) ("a complaint must do *more than allege the plaintiff's entitlement to relief*.   A complaint has to "show" such an entitlement with its facts") (emphasis supplied).   The Court is mindful, however, that the sufficiency of this *pro se* pleading must be construed liberally in favor of the plaintiff, even after *Iqbal*.   See *Erickson v. Pardus*, 551 U.S. 89 (2007).

### III. DISCUSSION

Section 1983 of Title 28 of the United States Code provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Ford asks this Court to declare that defendants violated his constitutional rights by refusing to file his pro se motion, and to enjoin them to file the motion. But the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), forbids "federal court interference" in pending state criminal proceedings. In *Younger*, the Supreme Court held that principles of equity and comity require district courts to abstain from enjoining pending state criminal proceedings absent extraordinary circumstances. "The Younger abstention doctrine 'reflects a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances.'" *Feingold v. Office of Disciplinary Counsel*, 487 Fed. App'x 743, 744 (3d Cir. 2012) (quoting *Gwynedd Properties, Inc. v. Lower Gwynedd Twp.*, 970 F.2d 1195, 1199 (3d Cir. 1992) (internal quotation marks omitted). In *Samuels v. Mackell*, 401 U.S. 66, 69-73 (1971), the Court found that *Younger* abstention applies to declaratory judgment actions. The doctrine of

4

*Younger* bars this Court from granting Ford's claims for declaratory and injunctive relief and this Court will accordingly dismiss those claims. *See Brown v. Calabro*, 2013 WL 343457 at *3 (3d Cir. 2013) ("[I]t would have been against public policy for the District Court to grant Brown's request to terminate the criminal proceedings against him while they were ongoing"); *Wallace v. Fegan*, 455 Fed. App'x 137, 140 (3d Cir. 2011) (*Younger* barred Wallace's request for criminal discovery and to enjoin certain actions in his criminal proceeding).

Ford also asks for damages. While "a district court, when abstaining from adjudicating a claim for injunctive relief, should stay and not dismiss accompanying claims for damages . . . when such relief is not available from the ongoing state proceedings," *Howard v. New Jersey Div. of Youth and Family Services*, 398 Fed. App'x 807, 811 (3d Cir. 2010), a stay at this case is not warranted because the Complaint does not adequately plead a damages claim under § 1983. "Pro se litigants have no right to 'hybrid representation' because '[a] defendant does not have a constitutional right to choreograph special appearances by counsel." *United States v. Turner*, 677 F.3d 570, 578 (3d Cir. 2012) (*quoting McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984)). The letters from VanFossen to Ford, which are attached to the Complaint, indicate that the defendants believe that Jeffrey Broderick, an attorney with the Public Defender's Office, is representing Ford in his criminal proceeding. Thus, reading the Complaint and attachments, it is plausible that the Criminal Division rejected Ford's pro se motion because Ford is represented by counsel and, in that case, Ford's constitutional claim in this Complaint fails because pro se litigants have no constitutional right to hybrid representation. This Court will dismiss the damages claims on the ground that Plaintiff's allegations do not satisfy *Iqbal*'s plausibility standard of pleading.

However, because it is possible that Ford is not represented by counsel in his New Jersey criminal proceeding and he knowingly and intelligently waived his right to counsel, *see Faretta v. California*, 422 U.S. 806 (1975), this Court will dismiss the Complaint without prejudice to the filing of an amended complaint asserting facts stating a plausible claim for damages under 42 U.S.C. § 1983 against Federico and/or VanFossen. *See DelRio-Mocci v. Connolly Properties Inc.*, 672 F.3d 241, 251 (3d Cir. 2012); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Plaintiff is reminded that, if he elects to file an amended complaint, the amended complaint should be complete on its face.[1]

### III.  CONCLUSION

Based on the foregoing, this Court will grant Plaintiff's application to proceed *in forma pauperis* and dismiss the Complaint.

*[signature]*
MICHAEL A. SHIPP, U.S.D.J.

Dated: _____April 23_____, 2013

---

[1] Once an amended complaint is filed, previous dismissed complaints no longer perform any function in the case and cannot generally be utilized to cure defects in the current amended complaint. *See* 6 Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* § 1476 (1990). Thus, if Plaintiff elects to file an amended complaint, he should name the defendants and on the face of the amended complaint, state facts amounting to a claim for damages against each named defendant.